IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

|  |  |
|---|---|
| PARDEEP SAINI,<br><br>        Petitioner,<br>v.<br><br>KEVIN SCHNEIDER, in his official capacity as Polk County Sheriff; PETER BERG, in his official capacity as St. Paul Field Office Director; TODD LYONS, in his official capacity as Acting Director of United States Immigration and Customs Enforcement; KRISTI NOEM, in her official capacity as Secretary of the Department of Homeland Security; and PAMELA BONDI, in her official capacity as United States Attorney General,<br><br>        Respondents. | **No. 4:26-cv-00112-RGE-SBJ**<br><br>**ORDER TO SHOW CAUSE** |

Petitioner Pardeep Saini commences this action against Respondents Kevin Schneider, in his official capacity as Polk County Sheriff; Peter Berg, in his official capacity as St. Paul Field Office Director; Todd Lyons, in his official capacity as Acting Director of United States Immigration and Customs Enforcement; Kristi Noem, in her official capacity as Secretary of the Department of Homeland Security; and Pamela Bondi, in her official capacity as United States Attorney General. Pet. Writ Habeas Corpus, ECF No. 1. In this habeas corpus petition, Saini alleges he was arrested and is being detained by Respondents in violation of the Fifth Amendment. *Id.* ¶ 8. Saini seeks an immediate order preventing Respondents from transferring him out of the district. *Id.* ¶ 18. He also moves for an order requiring Respondents to release him from custody and enjoining Respondents from re-detaining him unless his re-detention is ordered at a custody hearing before a neutral arbiter. *Id.* at 18.

The petition alleges Saini is a twenty-one-year-old Indian native and citizen. *Id.* ¶ 1. He entered the United States lawfully on August 18, 2023, on an F-1 student visa. *Id.* ¶¶ 1, 36. He filed an asylum application on November 3, 2023, because of political and religious persecution, which remains pending. *Id.* ¶¶ 1, 35–36.

Saini settled in California. *Id.* ¶ 2. He was granted employment authorization, which is valid through May 5, 2029. *Id.* Saini has no criminal history. *Id.* ¶ 1.

On February 11, 2026, Saini was driving a commercial truck through Iowa. *Id.* ¶ 4. Law enforcement officers directed him to a weigh station, where Immigration and Customs Enforcement (ICE) officers were already present. *Id.* Saini informed the ICE officers he had a legally valid visa. *Id.* ICE officers arrested Saini. *Id.* ¶ 5. Saini was told he was being arrested "because he has a pending asylum application and because his F-1 student visa had been revoked." *Id.* Saini is currently detained in Polk County Jail. *Id.* ¶ 6.

The Court has jurisdiction over a habeas petition pursuant to 28 U.S.C. § 2241. *See Zadvydas v. Davis,* 533 U.S. 678, 687–88 (2001). Section 1252(g) does not preclude the Court from reviewing the legality of Saini's detention. *See* 8 U.S.C. § 1252(g); *Reno v. Am.-Arab Anti-Discrimination Comm.,* 525 U.S. 471, 482 (1999) (limiting the jurisdiction-stripping provision of § 1252(g) to "three discrete actions:" the "'decision or action' to 'commence proceedings, adjudicate cases, or execute removal orders'" (quoting 8 U.S.C. § 1252(g)) (emphasis removed)).

The Court may "employ procedures necessary" to maintain proper jurisdiction over an action and to "promote the resolution of issues in a case properly before it." *ITT Cmty. Dev. Corp. v. Barton,* 569 F.2d 1351, 1359 (5th Cir. 1978) (stating the All Writs Act and procedures undertaken pursuant to the Act properly "aid[s] the court in the exercise of its jurisdiction" when the procedures "facilitate[e] . . . the court's effort to manage the case to judgment"); *see* 28 U.S.C. § 1651. In order to maintain proper jurisdiction in this matter, the Court enjoins Respondents from

removing Saini outside of the Southern District of Iowa without meaningful notice and an opportunity to be heard.

Saini challenges his continued detention as an arbitrary and unjustified deprivation of liberty in violation of the Due Process Clause. ECF No. 1 ¶¶ 7–8. Saini asserts his arrest and detention "violate substantive and procedural due process because they lack any individualized finding of danger or flight risk and were imposed without notice or an opportunity to be heard." *Id.* ¶¶ 8, 47–56. Additionally, Saini alleges his detention is punitive because "the purpose of Petitioner's detention appears to be 'not to facilitate deportation, or to protect against risk of flight or dangerousness, but to incarcerate for other reasons'—namely, to meet newly-imposed DHS quotas and transfer immigration court venue away from an IJ who refused to facilitate DHS's new expedited removal scheme." *Id.* ¶ 51 (quoting *Demore v. Kim*, 538 U.S. 510, 532–33 (2003) (Kennedy, J., concurring)). The Fifth Amendment guarantees no citizen or noncitizen may be deprived of life, liberty, or property without due process of law. U.S. Const. amend. V; *see Zadvydas*, 533 U.S. at 690. Civil detention violates due process unless nonpunitive purposes, such as ensuring future appearances at immigration proceedings or preventing danger to the community, outweigh an individual's interest in avoiding restraint. *See Zadvydas*, 533 U.S. at 690–91. There is no indication on the face of Saini's Writ whether Respondents had a valid purpose for arresting and detaining Saini or whether Respondents complied with the requirements of the Fifth Amendment. *See generally* ECF No. 1.

For the foregoing reasons,

**IT IS ORDERED** that Respondents Kevin Schneider, Peter Berg, Todd Lyons, Kristi Noem, and Pamela Bondi are directed to show cause why Petitioner Pardeep Saini is not being unlawfully detained. For good cause, Respondents shall submit this information to the Court by

March 26, 2026. Failure to file a response may result in sanctions by the Court, up to and including immediate grant of Saini's requested relief.

**IT IS FURTHER ORDERED** that Respondents Kevin Schneider, Peter Berg, Todd Lyons, Kristi Noem, and Pamela Bondi are enjoined from removing Petitioner Pardeep Saini outside of the Southern District of Iowa during the pendency of the habeas proceedings without meaningful notice and an opportunity to be heard.

**IT IS SO ORDERED**.

Dated this 19th day of March, 2026.

REBECCA GOODGAME EBINGER
UNITED STATES DISTRICT JUDGE

4