IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

|  |  |
|---|---|
| PARDEEP SAINI, <br><br> Petitioner, <br><br> v. <br><br> KEVIN SCHNEIDER, in his official capacity as Polk County Sheriff; PETER BERG, in his official capacity as St. Paul Field Office Director; TODD LYONS, in his official capacity as Acting Director of United States Immigration and Customs Enforcement; MARKWAYNE MULLIN, in his official capacity as Secretary of the Department of Homeland Security; and TODD BLANCHE, in his official capacity as Acting United States Attorney General, <br><br> Respondents. | No. 4:26-cv-00112-RGE-SBJ <br><br><br> ORDER GRANTING IN PART PETITIONER'S PETITION FOR WRIT OF HABEAS CORPUS |

## I.    INTRODUCTION

Petitioner Pardeep Saini brings a petition for a writ of habeas corpus against Respondents Kevin Schneider, in his official capacity as Polk County Sheriff; Peter Berg, in his official capacity as St. Paul Field Office Director; Todd Lyons, in his official capacity as Acting Director of United States Immigration and Customs Enforcement; Markwayne Mullin, in his official capacity as Secretary of the Department of Homeland Security; and Todd Blanche, in his official capacity as Acting United States Attorney General. Pet. Writ Habeas Corpus, ECF No. 1. In this habeas corpus petition, Saini alleges he was arrested and is being detained by Respondents in violation of his Fifth Amendment due process rights. *Id.* ¶ 8. He moves for an order requiring Respondents to release him from custody or grant relief the Court deems just and proper. *Id.* at 18.

The Court concludes Saini is being detained pursuant to § 1226(a). Therefore, the Court

grants in part Saini's petition for a writ of habeas corpus and orders Respondents to provide him with a bond hearing within seven days.

## II.     BACKGROUND

The pertinent facts alleged in the petition are uncontested. *See* Fed. Resp'ts' Reply Pet'r's Pet. Writ Habeas Corpus 1–2, ECF No. 10. The petition alleges Saini is a twenty-one-year-old Indian native and citizen. ECF No. 1 ¶ 1. He entered the United States lawfully on August 18, 2023, on an F-1 student visa. *Id.* ¶¶ 1, 36. He filed an asylum application on November 3, 2023, because of political and religious persecution, which remains pending. *Id.* ¶¶ 1, 35–36.

Saini settled in California. *Id.* ¶ 2. He was granted employment authorization, which is valid through May 5, 2029. *Id.* Saini has no criminal history. *Id.* ¶ 1.

On February 11, 2026, Saini was driving a commercial truck through Iowa. *Id.* ¶ 4. Law enforcement officers directed him to a weigh station, where Immigration and Customs Enforcement (ICE) officers were already present. *Id.* Saini informed the ICE officers he had a legally valid visa. *Id.* ICE officers arrested Saini. *Id.* ¶ 5. Saini was told he was being arrested "because he has a pending asylum application and because his F-1 student visa had been revoked." *Id.* Saini's Notice to Appear, issued the same day as his arrest, indicates he "ha[s] been admitted to the United States." Ex. A Supp. Fed. Rsp'ts' Reply Pet'r's Pet. Writ Habeas Corpus 1, ECF No. 10-2. The Notice to Appear further indicates Saini failed to enroll in his designated academic program. *Id.* Saini remains in custody in Polk County Jail. *Id.* ¶ 6.

On February 12, 2026, Saini filed a petition for a writ of habeas corpus, asserting he is being detained in violation of his Fifth Amendment due process rights (Counts One and Two). *Id.* ¶¶ 47–56. Saini requested the Court enjoin Respondents from transferring him outside the Southern District of Iowa during the pendency of his habeas litigation. *Id.* at 18. The Court issued an order enjoining Respondents from removing Saini outside of the Southern District of Iowa

without meaningful notice and an opportunity to be heard and required Respondents to show cause why Saini was not being unlawfully detained. Order Show Cause, ECF No. 5. State Respondent Schneider, who has physical custody of Saini, filed a response and took no position as to Saini's petition for a writ of habeas corpus. State Resp't's Reply Pet'r's Pet. Writ Habeas Corpus 1, ECF No. 7. Federal Respondents—Peter Berg, Todd Lyons, Markwayne Mullin, and Todd Blanche— filed a response acknowledging Saini is entitled to a bond hearing. ECF No. 10 at 2.

Saini requests the Court issue a writ of habeas corpus ordering Respondents to release him from custody or grant relief the Court deems just and proper. ECF No. 1 at 18.

The Court sets out additional facts below as necessary.

## III.    LEGAL STANDARD

"Congress has granted federal district courts, 'within their respective jurisdictions,' the authority to hear applications for habeas corpus by any person who claims to be held 'in custody in violation of the Constitution or laws or treaties of the United States.'" *Rasul v. Bush*, 542 U.S. 466, 473 (2004) (quoting 28 U.S.C. §§ 2241(a), (c)(3)). "[T]he writ of habeas corpus remains available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const. art. I, § 9, cl. 2). The district court's habeas jurisdiction includes challenges to immigration-related detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687–88 (2001). The district court's habeas jurisdiction also includes challenges to detention by noncitizens. *See id.*; *Jennings v. Rodriguez*, 583 U.S. 281, 292–96 (2018).

## IV.    DISCUSSION

Saini challenges his continued detention as an arbitrary and unjustified deprivation of liberty in violation of the Due Process Clause. ECF No. 1 ¶¶ 7–8. Saini asserts his arrest and detention "violate substantive and procedural due process because they lack any individualized finding of danger or flight risk and were imposed without notice or an opportunity to be heard."

*Id.* ¶¶ 8, 47–56.

Federal Respondents acknowledge Saini is detained pursuant to § 1226(a) and is therefore entitled to a bond hearing. ECF No. 10 ¶ 5 ("Federal Respondents agree that Petitioner is entitled to a bond hearing in Immigration Court, and that Petitioner's case falls under 8 U.S.C. § 1226(a) as Petitioner was legally admitted to the United States."); *see* 8 U.S.C. § 1226(a). Because Saini was legally admitted to the United States on an F-1 student visa and is not, therefore, "arriving in the United States," he is detained pursuant to § 1226(a). ECF No. 10 ¶ 5; *see* 8 U.S.C. § 1225. Saini's Notice to Appear confirms his detention pursuant to § 1226(a). *See* Ex. A, ECF No. 10-2 at 1. The Notice to Appear indicates Saini "ha[s] been admitted to the United States" and Saini is not an "arriving alien." *Id.*

While Federal Respondents' response and Saini's Notice to Appear demonstrate Saini is detained pursuant to § 1226(a), Deportation Officer Daniel Archer's declaration states Saini "was detained pursuant to INA § 235(b)(2)(A)," which is codified at 8 U.S.C. § 1225(b)(2)(A). Archer Decl. ¶ 18, ECF No. 10-1. Archer's declaration directly contradicts Federal Respondents' representations and the Notice to Appear—each of which is filed together as part of Federal Respondents' response. *See* ECF No. 10 ¶ 5; Ex. A, ECF No. 10-2 at 1; *see generally* ECF No. 10. Further, Archer's statement that Saini is detained pursuant to § 1225(b)(2)(A) directly contradicts other statements in his own declaration. *See id.* ¶ 12 ("Petitioner was admitted as an F1 student at JFK Airport New York, New York on or about 8/13/2023."). This contradiction in Federal Respondents' filing is significant; § 1226(a) requires a bond hearing while § 1225(b)(2)(a) does not. The apparent confusion hampers Saini's ability to pursue his statutorily mandated guarantee of a bond hearing pursuant to § 1226(a).

The Court agrees with Federal Respondents' representations and Saini's Notice to Appear—Saini is detained pursuant to § 1226(a). Restricting Saini's ability to request or obtain a

bond hearing would violate Saini's due process rights as one detained pursuant to § 1226(a). Because of the confusion in Federal Respondents' reply concerning the statutory basis for Saini's detention, the Court grants in part Saini's petition for a writ of habeas corpus. Federal Respondents are directed to provide Saini with a bond hearing, which shall be conducted pursuant to § 1226(a) with an individualized determination as to whether Saini should be released on bond, within seven days of this Order.

## V.    CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that Petitioner Pardeep Saini's Petition for a Writ of Habeas Corpus, ECF No. 1, is **GRANTED in part**. Federal Respondents shall provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) within seven days of this written Order. The bond hearing shall be conducted pursuant to § 1226(a) with an individualized determination as to release on bond.

**IT IS SO ORDERED**.

Dated this 6th day of April, 2026.

REBECCA GOODGAME EBINGER
UNITED STATES DISTRICT JUDGE